UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RONRICO DENHAM and <br> JEFFREY CLYDE MURRAY-EL, | ) <br> ) <br> ) |
| Plaintiffs, | ) Case No. 2:06-cv-46 |
| v. | ) <br> ) HON. ROBERT HOLMES BELL |
| DAVE BERGH, et al., | ) <br> ) |
| Defendants. | ) **OPINION** <br> ) |

This is a civil rights action brought by two state prisoners pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiffs have failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss their complaint without prejudice.

**Discussion**

I.  Factual allegations

Plaintiffs are presently incarcerated at the Alger Maximum Correctional Facility (LMF). In their *pro se* complaint, they sue Defendants Warden Dave Bergh, Corrections Officer Unknown Miron, Sergeant Unknown Adams, Sergeant Unknown Hursh, Resident Unit Manager Unknown Bauman, Corrections Officer Unknown Aho, Case Manager Unknown Phillipson, and Corrections Officer Unknown Denman. Plaintiffs claim that they were improperly deprived of food

on numerous occasions in violation of their constitutional rights. For relief, Plaintiffs request compensatory and punitive damages.

## II. Lack of exhaustion of available administrative remedies

Plaintiffs have failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiffs have chosen to forego use of the form complaint in this action.

aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiffs' claims are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ II (may grieve brutality and corruption by prison staff) (effective Oct. 11, 1999 and November 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiffs. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiffs attach copies of grievances and responses as exhibits to their complaint. A review of the record reveals that Defendants Miron, Adams, Aho, Phillipson and Denman were named in step I grievances, and that the denial of these grievances was appealed to step III. Therefore, it appears that Plaintiffs exhausted their claims with regard to Defendants Miron, Adams, Aho, Phillipson and Denman. However, Plaintiffs fail to specifically mention Defendants Bergh, Hursh, and Bauman in their step I grievances. An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642. Accordingly, the Court finds that Plaintiffs have failed

to demonstrate exhaustion of available administrative remedies with regard to Defendants Defendants Bergh, Hursh, and Bauman.

Because Plaintiffs' complaint contains both exhausted and unexhausted claims, the Court will dismiss their action pursuant to the "total exhaustion" rule. Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson, et al.*, 407 F.3d 801 (6th Cir. 2005). Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss Plaintiffs' action without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiffs' action without prejudice because they have failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiffs appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiffs are

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If they are barred, they will be required to pay the $255 appellate filing fee in one lump sum.

        A Judgment consistent with this Opinion will be entered.


Date:     March 3, 2006                         /s/ Robert Holmes Bell
                                                                    ROBERT HOLMES BELL
                                                                    CHIEF UNITED STATES DISTRICT JUDGE